Chicago Coating Company v. U.S. 17-2198. The two deeds are the Jones deed and the Wilkins deed, and the issue specifically is whether these two deeds convey feasibles or easements pursuant to Illinois law. The case that controls the outcome with regard to both of these deeds is the Magnolia Petroleum Company v. West case. In the blue brief at 19, you say that simply because right-of-way appears outside the granting clause does not mean it can no longer suggest an easement was meant to be conveyed. I don't read the Court of Federal Claims' opinion as holding that there could never be an easement if right-of-way appeared outside the granting clause. I believe that that was more of a response to the defendant's argument. Okay. Okay. The Magnolia decision controls the outcome. So does the granting clause of the deed here control the outcome at all times? No, Your Honor, it does not. And specifically with regard to the use of the term the right-of-way, the Illinois decision states that it is particularly when it is within the granting clause that it conveys an easement, not certainly that it's within the granting clause. The government argues that there's no Illinois case that where a deed with appraised all interest in a granting clause conveys anything other than a fee simple. Do you have any authority in either way? Well, the authority we have is the Tallman case. The Tallman case explains that an easement in Illinois can be held in less than its entirety. An easement in Illinois pursuant to Tallman can be held in the fee simple. Right. Fee simple and the easement, all interest in the easement, that doesn't mean to be given all interest. It's an indication of the extent to which that easement is owned. It is, in this case, a fee simple and an easement. What does a railroad receive? Well, it receives a, it's easement in totality, perpetuity, exclusivity. It is a, it's an indication of the extent of the duration and enjoyment of the easement. Do you agree that the right of re-entry was never exercised and if so, does that matter? It does not matter. I do agree that it was never, it was never exercised. The CSE and the defendant point to a lot of cases that concern, that concern these fee simple determinants and rights of re-entry and things of that nature. Why those cases are not critical to this analysis or should be not given away is because they, because they're outside the context of the things that are granted in these deeds. So. We're using up a lot of your time, sir, talking about generality. We haven't looked at the language of either one of the deeds. It would be helpful because that's what goes off here, right? It's the words that need to be helpful to me if you took, for example, the Jones deed, whichever one you want to take first, and just walked us through it and told us exactly why it's perfectly clear that there is an easement involved here and not a fee. Because that's what you have to do, right? Absolutely, absolutely. And the, with regard to the Jones deed first, the Jones deed grants. So just for starters, can we agree that the granting clause is statutory in both cases? The statutory, I mean, the way it works is that like in 1872, the Illinois legislature must have looked at some problems because there were railroads going everywhere and nobody knew whether there were leases or fees. So they wrote a statute that said if you use certain language, it's presumed that you are conveying a fee. Right. Although you might be assuming too much with your premises, sir, because, just because they have this conveyances act doesn't necessarily mean that it was only meant to apply to railroad  This applies to all transactions. Well, I'm saying, of course, what I'm saying is I have no, nobody's bothered to tell us how that law came about. And it's interesting to me that these leases were all struck within two or three years after the law was passed. So presumably everybody in all the country lawyers knew about this, about the law. So you start off with the, with your granting clause has words in it that say to you, that's now presumptively going to be a fee unless you can demonstrate from the balance, assuming that the granting clause itself didn't say an easement, right? Yes. Then, which is not the case here, right? You argue that in Jones, I know your argument that the granting clause does contain it because the way it describes the property, but what in the balance of these two deeds shows that it was clearly an easement and not a fee? Well, first of all, let's talk about the statutory phrase conveyed more. That is, it doesn't give a rise to... You don't want to avoid talking about what's in the term. Oh, no, I do. I just want to qualify the conveying word first. It is a term like any other term in the deed. It is important, but it also must be, it's not to be given to undue weight in this analysis. It does give rise to its assumption. No, I understand. It sets up just a presumption. It's a process tool. Correct. But it says to you that the law, the statute says, if you've used these magic words, which you agree were both used in both these cases, then the burden is on you to demonstrate where in the balance of the instrument, it is clear, it is clear that an easement, not a fee, was intended. Correct. Well, after conveying the word, we enter into other languages of the deed where we get an overwhelming number of indications that the... Can you overcome that presumption only by language that's contained in the granting clause? No. You do not... That's, that's exactly, that's... So let's go, let's look at the Jones Deed then. It conveys in the granting clause all interest. Correct? Yes. Does that raise a presumption that it's conveying a fee interest? The granting convey gives that presumption. I'm sorry? The phrase convey and warrant, excuse me, yes, convey and warrant gives rise to the assumption. All interest does not give rise to an assumption. All interest... Well, all interest is in the statute. The statutory language includes all interest. No, the statute, the, no, the only statutory language that's present in the deed is... Have you got the statute? It's in the back of the government's work. So we know what they're talking about. It's... So, on page 45 of their edition, in the granting clause, the grantor convey and claim all interest in the following described real estate. So that's the statutory language. Yes, I understand. Right. Well, again, all interest can... Here's the thing, is when we talk about all interest, we still have to define all interest in what? What are we granting here? What real estate is being granted? Real estate in Illinois is a very general term. It doesn't really have any meaning whatsoever. The real estate, well, we find out what exact real estate is being conveyed immediately after the term real estate. The right-of-way, for rarer purposes, over and across a strip of land. That's the definition of the real estate being conveyed. The right-of-way, right-of-way in Illinois, synonymous with easement, and easement is conveyed. Well, the whole debate is whether or not what follows the granting clause is describing the property or whether it's the interest itself. Correct. And then that's the question you have to resolve. Just to sort of cut to the chase to get some parameters here, because we're going around in general circle, just to let you know sort of where I'm from, is it seems to me that Jones deed looks a lot like Sowers, because what it is, there is an existing right-of-way, existing railroad running over the property. There is a compelling difference between the Sowers deed and the Jones deed, and that is that in the Jones deed, the interest is said to be limited to a particular purpose, rarer purposes. Well, but you've got running against you, you've got a homestead restriction in your deed, which is harmful to you. Not particularly so. Well, does the homestead law deal with easements, reclaiming easements? Yes or no? I don't know the answer. You don't know the answer to that question? No, I've not reviewed the homestead exemption law. It's central to your case. Because if there's a homestead, that's highly suggestive of the fact that it was a fee. That is not correct. It is not that suggestive of the conveyance of a fee simple. Because, again, we have to consider the context of this transaction. Just as a general proposition in the law, my understanding of my research was that the existence of the homestead exemption provision in the deed was highly suggestive of the fact that you were trying to reclaim a fee. No, I disagree. I don't think it's highly suggestive. I think it is another element, like all the others. It does not carry the day. And furthermore, if we think about what is being conveyed... There's case law on that subject, right? Illinois case law on that subject? On the importance of the homestead provision? Well, what we see among the decisions is that even when it appears in deeds that grant fee simple or easement, it's not really addressed as a central element. It's not necessarily dispositive. I certainly agree with you there. I think it's very little weight because we just don't see it come up. We don't see it come up in the discussions of all these many regular cases that we have. Besides that, Your Honor, with regard to... But it's something you have to live with in the mix. Yes, because at the end of the day, what we have here is an overwhelming number of easement factors. The Jones deed. The right-of-way is granted. The right-of-way is not an easement. We know it's limited to a specific purpose. Rarer purpose. You have to read the entire document as a document. Oh, absolutely. And that's why... To evidence the intent of the parties. Absolutely. That's your whole argument. Absolutely. And because we have so many... This is really an overwhelming number of easement factors that are present in this deed. Not only is it limited to a specific purpose, we also know that the interest is said to run over and across land. An interest in land cannot... That's also describing what's on the land at the time the Joneses did it, was some track with a river running over it. But even in the Sowers decisions, the various other decisions, too, or the Diaz decision and the McVeigh decision, all these things, in all those cases, too, it's consistently referencing the right-of-way located, or here's where the right-of-way is. This is not the railroad... This is not the parties announcing where the railroad is. This is the parties limiting the estate. This is the description of the estate. These two, the Jones deed and the Wilkins deed, is this contiguous property? No, it is not. I believe they're separated by several blocks. By several blocks? Yes. But they're close together. It's a... I think it's approximately a two-mile-long stretch of railroad property. I was curious, in the Wilkins deed, there's a reference to the appurtenances that are going along. Do we know what the appurtenances were? The appurtenances... No, I don't. No, we don't. We didn't really engage in that. And they refer to the fact that you shall maintain a station. Does that suggest there was a station on the property already? And the appurtenances maybe were track? No, no. No, it does not. What do we know? I mean, I'm just asking you that question. Oh, no, we don't know. We don't have the answer to that. What's the impact of having any kind of reversionary interest on a fee simple? The impact of reversionary in a fee simple in the easement, is that what you're referring to? No, in a fee simple. Any kind of fee simple. Is it a fee simple if there's a reversionary interest? No, that is not a matter of certainty. Again, it matters about the context that we're talking about. If we're talking about a reversion as it applies to a parcel of land with a building on top of it, that is one thing. But when we start to think about the conveyance of strips of land for river purposes, rights for reversion, rights for entry, those things take on different meaning. We already have the parties saying that they want the land to be used for a particular purpose. They say, use it for a particular purpose or else. Or else what? I get to come in there and exercise my right of entry. This is an indication not that they're conveying the fee simple. When these things are transferred in the context of a railroad, they take on different meaning. They're talking about the fact that they've limited the use of the strip of land for a particular purpose, and if you use it outside that purpose, it's not effective. That's what an easement is. They're going to use the land for a particular purpose. If they go outside of that, then it makes sense for, yes, for the grantor to insist that he comes back. In the Jones deed, where are the express words that indicate an intent to convey an easement? In the Jones deed? Yes. The problem I have is the granting clause says all interest. To me, that's fee interest. Now, you have to overcome that, and you say you look at the rest of the deed, and I want you to point to the express language in the deed that would help you overcome that presumption. All interest in the real estate. What is the real estate? The right-of-way. The right-of-way is synonymous with easement. If it's a grant of all interest in the land, it makes no sense then for the deed to then state that it's limited to railroad purposes. If it's held for all purposes, it makes no sense to identify what purpose it should be used for. If that wasn't enough, which it is, the grant itself, the interest itself is said to run over and across something. I think your key word is but. As in, but this grant is upon express conditions. Yes. I mean, I think taken together, when you have just a clear indication of how it's to be used and if it's going to be used, but if it's used for a different purpose, it's said to revert, that is very compelling. These things are really adding up in the Jones deed and the Wilkins deed, for this matter. Notwithstanding this, even if we take a step back and just look at the fact that this is a grant of a narrow strip of land and it's limited to a specific purpose, and we look at the Magnolia decision, based upon those two characteristics and only those two characteristics, that court held that an easement… Well, the condition cuts either way. I mean, the condition works whether it's a fee or an easement. But it makes much more sense if we give it the meaning of easement. Well, when they're talking about they're going to reenter the properties to own, meaning they somehow lost ownership. Well, that's because when we talk about fees and easements, we need to realize that we're talking about… You don't own an easement. A railroad purposes easement is very nearly the same thing as fee ownership because the railroad, what can it do? All I'm just doing is the data points, the fact that in this cause, and I think Judge Wall correctly pointed out, it's important and we have to look at it. You have a situation where they're saying, well, by the way, if you don't do this, we'll come in because we want to own. We're going to take back ownership. And then they also have, you've got to live with the homestead issue. Right, and the homestead exemption makes sense because the railroad gets… Homestead only makes sense if you were granting a fee. No, no, it makes sense if you're granting an easement because the railroad, when it attains a fee symbol in the easement… Well, we'll hear from your adversary on that. I think I disagree with you on the effect of the homestead language in the deed. Okay, you're well into your rebuttal time, but we're going to restore you rebuttal time because we've kept you. So let's hear from the other side now. Thank you. Mr. Thomas. May it please the court, good morning. I'm Edward Thomas. With me is Erica Krantz from the Department of Justice. I represent the United States. The court of federal claims in this case correctly held that the two deeds at issue, the Jones deed, which we've discussed a little bit, and the Wilkins deed both conveyed fee symbol. For that reason, we ask this court to affirm. I'll address each deed separately as we're going through, and I'll give you four reasons in the Jones deed that the court should find that that deed conveyed fee symbol. When you read the Jones deed, there's some language, the all interest, that to me indicates the conveyance of a fee interest, but all the other language seems to point to it not being a fee interest. Well, I disagree. So the all interest, as has already been pointed out, there's no case in Illinois that I have found or have been cited where that conveys easement. So we have that issue already. We have the statutory language. All interest is in the statute. It is in the statute, but what we see in the cases is that oftentimes they don't include all interest. For example, the Diaz case, which is cited in Plaintiff's Reply here. There they convey a quick claim, but they take out all interest. It's not there, and they're put as and for right of way. They put over and across on the granting clause. And so it's significant that they included all interest here because the statute states. So if the words all interest are used and it's open and shut, that's it? It's a fee interest? There's nothing else in the deed that can indicate otherwise? In this instance, yes. It should be over and done with that. And I'll get to all the other points on that, but in the statute, it states that when it has this language, it means all the then existing or equitable rights of the grantor. So it's giving everything. And there's no indication that the grantor here held anything less than fee simple. That's not there. So it's everything the grantor had, and we've cited several cases in different contexts. That's the Illinois Supreme Court case and the Floss case stating that when these words, this all interest has a broader signification than all the right, title, and interest. And we've cited other cases as well along that same line. Let me ask you this. You state that even if the wording of the subject deeds were ambiguous, the actions of the railroad and of the plaintiff's predecessors plainly demonstrate the parties intended to convey fee title, and then you present purportedly supportive extrinsic evidence. If we find the Jones deed ambiguous, for example, should we remand to the Court of Federal Claims in the first instance to consider that extrinsic evidence? If not, what authority permits us to consider that evidence in the first instance? Well, this is de novo review. And so you're able to look at all this, everything that was in the record, and make the legal conclusion as to whether they have… Extrinsic evidence. Which was already before the Court of Federal Claims. You're right. It's in the record. We put it in here for your consideration. And you can consider that. I don't think you get there. It's the first point. I don't think we need to get there, just like the Court of Federal Claims found that there was no ambiguity here. I simply point it out because one of the main cases relied on by plaintiffs in this case is the Magnolia case. And there, we have a different situation. We have them say convey a warrant, so it's the warranty deed, statutory form, description, and then it says to be used for road purpose. And that court said that the single issue before them was whether or not that was restrictive or that was merely descriptive of anticipated use and not restrictive. They couldn't make that determination, and so they looked at extrinsic evidence to make that determination because it was ambiguous in their determination. And then they looked at the extrinsic evidence, that means the contemporaneous and the subsequent acts, and one of the things they looked at, which is cited in our brief, is a subsequent act by the heirs of the grantee where they didn't deserve a fee. And we have that exact same situation here, which is why we put it before the Court of Federal Claims and also before this court. On your theory, then, are all these cases ambiguous? Oh, no, I don't believe this is ambiguous at all in this case. You don't think they have any argument at all, the other side? Well, they certainly have argument, and we debate on these things all the time. I thought the way you said the ambiguity came up in Magnolia was there was an ambiguity between whether or not this was descriptive or whether it was granted. So that's the very debate we have here. You're exactly right on that. So the cardinal rule in Illinois is to ascertain the intention of the parties, and we look at the four corners of the deed, right? That's where we start. Right. And so we have to look at the four corners of the deed, and in these deeds we have other factors showing us exactly why they're doing what they're doing. And so we do look at the Jonesy first. We have statutory language. We have all interest. But beyond that, we also have a very important point. Is a term right of way for trial road, is that considered to be in the granting clause? In the Jonesy, no, it's not. Well, you say it's not, they say it is. In fact, it's definitional, is it not? Well, let's look at the deed. So this is Appendix 211. It defines real estate. Following described real estate, the grantors convey the following described real estate to wit, colon, the right of way for railroad purposes. Sure. So looking at Appendix 211, we have this. So you see it clearly marks on this. So the language following the colon is limiting, right? No, no. That's the legal description of the property. We see this in all these deeds. And so it can be limiting. So it depends on what we determine those terms are doing, right? Let me point out first of all that we have our... How important is it to you that in the Jones case, there was a railroad running over a right of way at the time the deed was signed? Extremely important, because that's the context of the deed. So that's what I'm about to point out here. When they say the real estate to wit, they're pointing to, in your view, they're actually pointing to the tracks that are on the ground. That's right. It's a mistake to read this without reading the whole entire description, right? And so in the description, after it says, all interest in the following described real estate to wit, then separate paragraph, the right of way for railroad purposes over and across what? A strip of land, 50 feet in width, being 25 feet on either side of the center line, known as the Chicago and Southern Railroad as now located. So this is already built. They're referring to it. But doesn't that say that the railroad's built on the right of way, that the right of way is existing? It's saying that the right of way is known as the Chicago and Southern Railroad. That's what it is. That's what they refer to it as. It's built on the physical meets and bounds of dirt. So you're looking at the intention of the parties, right? And following what we're talking about is the next paragraph, which begins with the word, as I pointed out to your opposing counsel, but this grant is upon the express conditions. And those conditions, according to your opposing counsel, are not met. They're not. This is an important point. I'm glad you raised this. So in Illinois, we have fee simple subject to condition subsequent. And this is important because this is the Mariholtz case, the 1981 decision. It holds that those type of conveyances are absolute grants. It states that, absolute grant. And so we look at this. Is it a fee simple subject to condition subsequent? Well, of course it is because here we have an express condition that the grantor, when they're making this conveyance to the railroad, they want something here. In Jones, they want passenger trains going to and from downtown Chicago so they have access. It states that in the deed. And if that's not met, they hold their feet to the fire and say, hey, we have a way to enforce this. Well, they want it back. That's their express condition. They want it back whether it was an easement or a fee, right? I assume that they would. I don't know. The thing that Judge Wallach is pointing to is to say, well, there was a condition here and the condition wasn't met because the railroad didn't do what it was supposed to, right? The consequence of the railroad not doing what it was supposed to, if the landowner had wanted to complain, would have been to take back whatever it was, whether it was the fee or whether it was the easement. So it seemed to me that the condition doesn't tell you whether the original grant was a fee or an easement. It just tells you what happens if you don't satisfy it, right? Well, this point's important because in fee simple subject to condition substance, we always have a penalty. Why isn't it a condition precedent to keeping the land? And how does it roll against perpetuity? Well, here, Illinois has a statute of repose, right? And in the statute of repose, they say, we don't like this language anymore as a matter of law. The Joneses didn't come back and complain and say, I'm taking back whatever it was we gave you. And as a factual matter, the railroad appears to have had passenger trains going to and from for some time, but they stopped in the early 1900s. And so at some point, they stopped complying with this language. But it's very important to look at the reversionary interest, which is brought up by the court, because there's an automatic reversion sometimes, and then there's a permissive reversion. Here we have a permissive one where they actually have to come back in and reassert themselves. If they already owned the property, they wouldn't have stated right to reenter and to own, because they would have already owned it. And we see that in easements. We see sometimes possibilities of revert, but it states shall revert, or there's some sort of automatic operation. And that's not what we have here, because this is the fee simple deed. In addition to that, we have the exemption of the homesteads, which would be the fourth reason. So statutory reform, all interests, the conditions subsequent with that penalty that's not automatic reversion, and the exemption of the homesteads is waived in this community. Do you find the homestead exemption language in clear conveyances of easements? Rarely. Rarely. And so we have, for example, in the Sowers case, we have 28 deeds there. All of them have the exemption of the homesteads, and they find all of them are fee simple. Urbitus, which is the most recent Supreme Court case in Illinois. Sowers was also a case where there was an existing railroad running over the property. Exactly. What I'm describing, I'm trying to describe, I'm looking out my window. I'm making a conveyance to you of something. I'm looking out the window. I'm not going to describe to you what it is. Well, it's a right-of-way running over 50 feet of my property, right? Yeah, no, that's exactly right. It is an important distinction in Sowers here as well, because it's already there. They're referring to it as right-of-way, and that's a distinction in Illinois. It's a two-part test, right? Is right-of-way restrictive, or is it merely descriptive of what's already there? The roadway being used by the court, excuse me, by the railroad in that case. I'll turn to the Jones deed, excuse me, to the Wilkins deed. You appear to acknowledge that Wilkins is similar to the deed in Magnolia Petroleum. No, no, I don't know that I'd say that. I'd say Wilkins deed is an easier case than the Jones deed in many respects. I cite to Magnolia in there because there's purpose language, and so that's the only reason. Magnolia found the deed conveyed an easement. It did there after examining extrinsic evidence, yes. But in the Wilkins deed- If Magnolia is distinguishable, is there any extrinsic evidence that we have to send it back to be examined? On Wilkins. Yeah, on Wilkins. On Wilkins. Well, we have the evidence that was before the trial court, before this court, that you can look at it. This is a legal determination, whether or not the plaintiff's having compensable property interest. That's a legal determination, and we've offered some additional evidence for it. I think what both of us are asking is that we're aware of what the extrinsic evidence was in Magnolia. It was all the conduct of the parties and what they did afterwards. Is there evidence of a like kind with regard to the Wilkins? Oh, yeah. Yes, there is. Well, that's what I think we were asking. Well, with Jones, we have a couple different things. With Wilkins, we have the same issue. So you've asked whether these properties were contiguous. They're not. There's a few parcels in between them, but it is the same line. And we saw that after Jones deed, so this is 12 years after the Jones deed, we have the Grantee Railroad Company, who has conveyed fee simple to another railroad company, and they felt confident enough to give a warranty deed. We're asking about Wilkins. Same. It's the same extrinsic evidence because this is the same line. So what happened was the railroad later on conveyed it all. They conveyed it all. Not just this portion. It's a much longer strip. Do you know what the word of pertinences was meant to define in the Wilkins deed? Well, there's several things that it might mean. So the Wilkins deed, they state that, hey, we want a station. We want it built. We want a permanent station. A permanent station built at Kedzie Avenue and Swift Street. Suggesting that there might have been a temporary station there earlier? There wasn't one, no, at that location. There was one several blocks away later, but there wasn't one at this time. And that's one of the reasons they wanted this. They said, we want you to build this within a certain period of time. To push up our property value. Exactly. We actually see this up to this point. No, when they talk about you shall maintain and use the station, it wasn't suggesting that there was an existing one. No. So they needed to build it and maintain it. You're right. And they needed to have passenger trains going to and from the city of Chicago. What I'm trying to get at is I don't simply know whether or not the rails that were running over Jones were also running over a Wilkins. I just don't know that. It appears that it wasn't built yet in the Wilkins deed. It's a three year gap between those two deeds. Was there an agreement that Wilkins and Jones are unambiguous before the court of federal court? We argued it was not ambiguous and so did plaintiffs in that case. And the court found that it wasn't ambiguous and decided it on the four corners of the deed. Both of you were arguing no ambiguity, right? No ambiguity. I simply put it forth in case the court... Well, I can understand why he doesn't want ambiguity. He doesn't want the extrinsic evidence in. So beyond that, in the Wilkins deed, we have this conveying warrant. And an important point, there's no limiting language in that granting clause. It wasn't conveying in warranty a certain strip or parcel of land. This isn't the right in land. This is a strip of land. Important distinction. And then also in the condition subsequent there, we have the... If they don't comply with all these things, they don't comply with charging five cents to the people that live in the subdivision. They don't comply with the number of trains. They don't comply with the time period. Then the railroad has to reconvey by good and sufficient warranty deed. That is a very clear indication of fee simple. We have a Supreme Court case in Illinois stating that as much. And I see my time is up. But we ask that this court affirm because the trial court correctly held that both of these deed conveys fee simple. Okay. Thank you. Mr. Smith, we're going to restore five minutes of your rebuttal time. Thank you. We're looking at the Jones deed. The Jones deed grants land for rarer purposes. This does not and cannot describe the land itself. The language, rarer purpose. The rarer purpose phrase cannot describe land. This is describing the limitation upon land. It can only make sense if we give it the meaning of easement here. What about it being a condition subsequent as opposed to a condition? That is, the distinction between conditions subsequent or fee simple to the terminal or fee simple, whatever the case may be, really doesn't matter here. The CFC and the government points to this decision called the Marinholtz decision. They rely on it to a great extent. However, that decision is addressed fully in an actual rarer decision, the Diaz case. The Diaz case talks about these rights of re-entry, these conditions subsequent, whatever they might be. It states in the Diaz case that these types of conditions can and do follow the grants of easements. It's very, very explicit here. The CFC did not acknowledge this. It went on with the, proceeded with its analysis of the Marinholtz decision and completely ignored this case. This case controls this question of fee simple to terminals and whatnot and what their meaning is. The fact that these things are stated to run and be consistent with the grants of easement within Illinois law is what's controlling here. At the time both of these deeds were drawn, the people drawing the deeds were charged with knowledge that there was a statute in Illinois that said, if you use certain words, there is presumptively going to be a fee transferred and it is your obligation, if you don't want the fee transferred, to be very clear that you're transferring something other than a fee. Those are the ground rules. Exactly. Those are the ground rules. Right. And we see how... And if the words you use left some doubt about what it was, this all makes sense. If the words you used, even though you knew that you were presumptively each, both Jones and Wilkins, the scriveners knew they were presumptively giving a fee and that they had an obligation to be clear if they didn't want it. If they were not entirely clear, if there was any debate, then extrinsic evidence would be brought in. Right. Well, there's no... But those are the rules, right? Well, there's no debate here that... No, no, but those are the rules. Exactly. But I mean, there's no debate here when it comes to... So even though we've been arguing back and forth for half an hour about the exact meaning of these words, it is perfectly crystal clear there's no ambiguity, there's no possible ambiguity. No, everybody knows what railroad purposes means. We know what... Well, of course everybody knows what the railroad purposes is. That's just a purpose clause. That could cut either way. No, I... Well, excuse me, you grant an easement for railroad purposes or you grant an easement for a jogging trail? Doesn't it make a difference if you want to say what your easement is going to be used for and you say it? Well, here's the thing. Those decisions that you're referencing... Right, yes. Don't fight me. When they're put into the consideration clause of the deed, that's just an indication of the motivation for these parties to make this transaction. That's how it plays out. Well, you could want a railroad to be running over your land either for an easement or a fee. You don't care. I mean, if what you're trying to do is to collect some money and the people are going to get off the train and do things, it's all going to work whether it was a fee or whether it was an easement. That's exactly right. It does work if it's a fee symbol or an easement. That's because the railroad purposes easement is a very peculiar thing. It's very much just like the fee symbol. They can do all sorts of things with it. They can lay track and whatnot. They can put telephone poles up there or dig ditches. Unless there's restriction in the easement, they can do the same thing to the property as they would with a fee. Here's the key to this. If you really think that this is a close call, we actually think it's as slandered as it can be, but if you think it's a close call, then you could look back to this Magnolia decision where they say, if the object of the transfer can be accomplished by granting the lesser estate, then we will grant the lesser estate. Okay. Thank you very much. That concludes our arguments this morning. This court is now in recess.